Simon, J.
The defendant, Sewall, condemned in solido, with his co-defendants to pay the amount of sundry promissory notes, with legal interest on one of the notes from the time when due until paid, and interest at six per cent per annum, on the other notes from their dates until paid, is appellant from the judgment allowing that interest, and contends that the allowance of interest is erroneous, as by agreement in writing, made between the vendor and vendee of the property for the price of which the notes were given, it was stipulated that the notes should remain deposited in the City Bank until the vendor should produce a certificate, showing the mortgage recited in the several acts of sale was cancelled and released, and that they should not before that period be due or demandable. He prajs that the judgment ap *176 pealed from be reformed in this particular, by rejecting all the interest claimed until the date of the release of the mortgage.
Five of the notes sued on stipulate that they shall bear interest from date until paid, at the rate of six per centner annum ; and the other, made payable nine months after daté, bears no interest. All the notes are identified with the act of sale, and paraphed ne varietur by the notary.
The facts of the case, as agreed on by the parties to the suit, are these : James Erwin caused to be sold at public auction, on the 9th of March, 1837, a large tract of land divided into lots, at which sale Peters &, Millard, John Greene (the principal defendant and drawer of the notes sued on,) and Henry Lockett, became purchasers, the whole amount of the sale being several hundred thousand dollars. The entire property was then subject to a mortgage in favor of John McDonogh, as set forth in the sale to Greene, Peters & Millard, and Lockett, which mortgage was security for the payment of notes having many years to run. By the consent of J. Erwin, the notes of Peters & Millard, Lockett, and Greene, as well as other notes of other veudees, amounting altogether to $100,000 and upwards, were deposited with the notary, as stated in the acts of sale ; and the remaining notes were delivered to the vendor. The notes of Peters & Millard, John Greene and Henry Lockett, thus agreed to be deposited, were, by consent of parties, sealed up with the written agreement in an envelope, and handed over to R. J. Palfrey, cashier, and they remained so deposited under seal until the package was re-delivered to the notary on his producing a clear mortgage certificate. In the month of May, 1843, the debt to McDonogh, which had been decreased by the payment of notes as they fell due, was extinguished by payment made to him, in advance, of the sum of $22,000, the remainder of his debt. Whereupon the mortgage in his favor was released and cancelled in due form ; a certificate showing the property to be free from encumbrance was produced to the notary, who exhibited it to the cashier, and to the parties ; and the notes were accordingly delivered up by the cashier to the notary, who delivered them to the vendor.
It is also admitted that the town lots sold as aforesaid by James Erwin, were vacant lots, but were in a part of the city where *177 vacant lots were susceptible of producing revenue by being rented.
The question which this ease presents does not seem to be an open one, since the decision of the case of Ball v. Le Breton, 19 La. 147. Indeed,'as the case stands, it does not only bear a very great analogy to the one last quoted, but appears even stronger, from the fact that the notes sued on were to bear interest from date until paid. Such interest, not arising ex mora, may perhaps be considered as a part of the price of the property sold, since the stipulation in the act of sale and in the notes, of its beginning to run on the very day that the contract was executed, and at the very moment that the parties were providing for the notes being deposited for a certain length of time, in consequence of the existence of a mortgage on the property sold, shows that the vendee, notwithstanding his knowledge of the fact that the notes were to be deposited, and were not to be paid until the release of said mortgage should be obtained, consented that the interest therein stipulated should run from the day of the contract until payment. How can the vendee object to paying interest which was a part of his original contract, independent of the circumstance, then known to him and provided for in the act, that the notes were to be deposited, and therefore left unpaid until the procurement of the release of the mortgage ? Was he not aware, when he subscribed the notes, that several years would perhaps elapse, before the vendor would be entitled to claim the amount thereof? Why, then, did he consent that the notes should bear interest from date, notwithstanding the delay which was necessary to be experienced by the vendor in exercising his right to demand payment ? The answer to these inquiries suggests itself to the mind in the simple idea that the parties understood, at the time of the act, that the existence of the mortgage, and the delay occasioned thereby in the discharge of the vendee’s obligation, should form no impediment to the purchase moneys bearing the interest stipulated in the contract; nay, that such interest should be considered as a part of the price. Yiewed in this light, the conclusion is irresistible, that the interest claimed must be paid as a part of the consideration of the sale.
*178 But is it true that under our present system of laws, the plaintiff has no right to claim the conventional interest, or that arising ex mora, but from the time that the property sold was disencumbered from the mortgage existing thereon at the time of the sale ? Here, it is shown, not only that interest is due from the terms of the contract, but also that the property sold was susceptible of producing revenue by being rented ; and art. 2531 of the Civil Code declares in positive terms, that “the buyer owes interest on the price of the sale until the payment of the capital, if it has been so agreed at the time of the sale, and if the thing sold produces fruits or any other income.” Art. 1933 says, also, that “ when the sum is dne/o?’ property yielding a revenue, interest is due from the time the principal is payable, without any demand.” And under art. 2537, the purchaser is allowed to relieve himself from the payment of interest, by depositing the price due by him. Is it not clear from these provisions, that nothing can discharge the vendee from the payment of interest on the unpaid price of property producing revenue, when that interest arises ex mora, or from complying with his stipulated obligation to pay conventional interest according to his contract, but his depositing the amount of the price? In vain has it been urged, that the buyer who has just reason to fear that he will be disquieted by an action of mortgage, may suspend payment of the price. Civ. Code, art. 2535. Here such payment was suspended by the very agreement of the parties. The duration of the suspension was provided for by the contract. The vendee had during that time the free and full enjoyment and possession of the property ; and never showed himself ready to pay the price on demanding security, or by depositing it according to law. He had the use of the vendor’s money for a long space of time, and it would seem unjust to permit him to enjoy, at the same time, both the price and the thing sold. Without its being necessary to comment any further on the'provisions of our Code, as applicable to the present case, we shall refer again to the case of Ball et al. v. Le Breton et al. already quoted, in which, after full investigation of the point in controversy, we held, that although the purchaser in such circumstances. has the right of suspending the payment of price, yet such right to withhold or suspend payment does not necessarily *179 imply a forfeiture of any part of the debt or of its accessories, and that the purchaser who wishes to relieve himself from the payment of interest, must avail himself of the faculty given him by the Code, of depositing the price by him due.

Judgment affirmed.